UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-155-JBC**

**PECOLA CAMPBELL, ET AL.,**                                                         **PLAINTIFFS,**

**V.**                      **MEMORANDUM ORDER AND OPINION**

**ADULT DAYCARE OF LEXINGTON, INC.,**                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This action stems from the alleged wrongful death of Roland Campbell on April 18, 2010, as a result of neglect and lack of adequate care by the defendants, which includes Adult Daycare of Lexington, Inc ("ADC"). The plaintiffs filed suit against the defendants on April 15, 2011 in Fayette Circuit Court. On May 6, 2011, the defendants removed the action to federal court.

Capitol Specialty Insurance Corporation issued a commercial general liability policy to ADC effective February 12, 2010, through February 12, 2011. Capitol moved to join the action under Fed. R. Civ. P. 20 on June 17, 2011. (R. 15). Capitol also moved to intervene, both as of right under Fed. R. Civ. P. 24(a) and permissively under Fed. R. Civ. P. 24(b), on July 8, 2011. (R. 21). The plaintiffs oppose Capitol's motions and also ask this court, if it grants Capitol's motion to intervene or join, to stay Capitol's complaint.

The factors for permissive intervention weigh in Capitol's favor. Fed. R. Civ. P. 24(b); *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Capitol's motion for

1

intervention, filed two months after this case was removed and before any deadlines were set, is timely. Fed. R. Civ. P. 24(b). No party has argued that the motion to intervene was untimely. Capitol's potential claims have a question of law or fact in common with the main action because they are entirely based on the plaintiffs' claims against ADC and whether they implicate coverage under ADC's policy. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Other factors do not outweigh intervention, as the intervention of Capitol will not cause undue delay or prejudice to the existing parties. *Id.* Further, this court has independent diversity jurisdiction over Capitol's complaint. *Fulton Bank v. Hozier*, 267 U.S. 276 (1925).

Any precedential value of *Scottdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2007), is immaterial to this case. In *Flowers*, the Sixth Circuit dealt with a claim for declaratory judgment filed by an insurance company in federal court when the suit implicating the insurance coverage was filed in state court. In this action, the suit which could implicate insurance coverage is not only in federal court but it is the action in which Capitol seeks to intervene. There is no danger of encroaching on a state court that *Flowers* guards against.

This court also declines to stay Capitol's complaint, as the plaintiffs have not articulated a reason that Capitol's claims would interfere with their ability to prosecute their claims. Accordingly,

**IT IS ORDERED** that the motion to intervene under Fed. R. Civ. Pro. 24(b) (R. 21) is **GRANTED**.

**IT IS ORDERED** that the motion for joinder (R. 15) is **DENIED AS MOOT**.

Signed on November 7, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY