**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 11-155-JBC**

**PECOLA CAMPBELL, et al.,**                                        **PLAINTIFFS,**

**V.**                              **MEMORANDUM OPINION & ORDER**

**ADULT DAYCARE OF LEXINGTON, INC., et al.,**                **DEFENDANTS.**

* * * * * * * * * *

Pending before the court are two motions pertaining to the plaintiff Pecola
Campbell's loss-of-consortium claims.  First, the defendants Adult Daycare of
Lexington, Inc., Linda Hill, Kate McAllister, April Hatter, John Dickey, John Coberg,
Dawn Walker, and Eric Hatter move to dismiss those claims, R.44, and second, the
defendants Ronnie Bastin, Derrick Wallace, and Matthew Smith move for partial
judgment on the pleadings as to the claims, R.45.  For the reasons stated below,
both motions will be granted.

**I. Background**

This case arises out of the alleged wrongful death of Roland Campbell that
occurred on April 18, 2010, at Adult Daycare, Inc. in Lexington, Kentucky, where
he was a resident.  At the time of his death, Roland Campbell was twenty-one
years old.  The plaintiffs, Pecola Campbell, Roland Campbell's mother, and Starsky
Cook, Roland Campbell's brother, bring suit both individually and as administrators
of the Estate of Roland Campbell.  Multiple and varied claims are brought against

1

the defendants.  The defendants include Adult Daycare of Lexington, Inc., and several of its present and/or former employees and/or agents, as well as the Chief of Police and other officers of the Lexington-Fayette Urban County Government, who responded to a call on April 18, 2010, from Adult Daycare regarding the decedent, Roland Campbell.

### II. Analysis

The loss-of-consortium claims brought against Adult Daycare, Hill, McAllister, Hatter, Dickey, Coberg, Walker, and Hatter cannot survive their motion to dismiss under Fed. R. Civ. P. 12(b)(6) because even accepting all of the facts pled in the complaint as true, Campbell's claims for relief are not "plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 884 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007)). Similarly, taking all of the facts pled in the complaint as true, Campbell's claims for loss of consortium against Bastin, Wallace, and Smith cannot survive the Fed. R. Civ. P. 12(c) motion for judgment on the pleadings because "no material issue of fact exists [regarding the loss-of-consortium claims] and the [movants are] . . . entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

Campbell asserts her loss-of-consortium claims against all of the defendants under KRS 411.135.  The facts preclude a successful cause of action under that statute.  KRS 411.135 permits a surviving parent to recover for loss of affection and companionship in a wrongful death action "in which the decedent was a minor

2

child." Roland Campbell was not a minor at the time of his death on April 18, 2010; his date of birth is listed in the complaint as July 16, 1988.  In Kentucky, a person is considered of the age of majority at eighteen years old, "except for the purchase of alcoholic beverages and for purposes of care and treatment of children with disabilities, for which twenty-one . . . years is the age of majority, all other statutes to the contrary notwithstanding."  KRS 2.015.  Even if Roland Campbell was disabled, as alleged in the complaint, he was of the age of majority at the time of his death because he was twenty-one years of age.

The plaintiffs allege in their combined response that the motions should be denied without prejudice because there are threshold issues that bear on the propriety of a parent's claim for loss of consortium of a non-emancipated disabled child, which will be the subject of discovery on other claims brought by the plaintiff.  Additionally, the plaintiffs argue that a factual question remains as to whether Roland Campbell was disabled at the time of his death.  Neither of these arguments is convincing, and the court finds no reason to delay the present matter.

Whether Roland Campbell is disabled has no bearing on the issue of whether the loss-of-consortium claims can succeed because Roland Campbell had reached the age of twenty-one before his death.  Also, even though the plaintiffs argue that the law should be altered to recognize a loss-of-consortium claim for parents of deceased disabled adult children, "[u]ntil the [Kentucky] courts have spoken on the subject we must follow the law as it is." *Goranson v.* Kloeb, 308 F.2d 655, 656 (6th Cir. 1962).  This court's interpretation of the law as it stands is "that by

3

authorizing damages to the parents of a 'minor' child for 'loss of affection and companionship that would have been derived from such child *during its minority*,' the Kentucky legislature excluded an award for loss of consortium to the parents of an 'adult' child." *Combs v. Comair, Inc.*, 556 F.Supp.2d 665, 673 (E.D. Ky. 2008)(internal citations omitted).

The case cited by the plaintiffs in opposition to this interpretation does not address the very issue posed by this set of facts, *see Giuliani v. Guiler,* 951 S.W.2d 318 (Ky. 1997), and the plaintiffs provide no controlling authority that merits a change in the court's position.  Accordingly,

**IT IS ORDERED** that the defendants Adult Daycare, Hill, McAllister, Hatter, Dickey, Coberg, Walker, and Hatter's motion to dismiss the loss-of-consortium claims, R.44, is **GRANTED.**

**IT IS FURTHER ORDERED** that the defendants Bastin, Wallace, and Smith's motion for partial judgment on the pleadings, R.45, is **GRANTED** as to the loss-of-consortium claims brought against them in their individual capacities.[1]

Signed on April 3, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[1] The plaintiffs and defendants Bastin, Wallace, and Smith have stipulated that the plaintiffs have not pled or brought any claims for damages for loss of consortium against Bastin, Smith, or Wallace in their official capacities, R.51.