UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL ACTION NO. 5:11-cv-00155-JBC

PECOLA CAMPBELL AND STARSKY
COOK, individually and as Administrators
of the ESTATE OF ROLAND CAMPBELL                                              PLAINTIFFS

v.

ADULT DAYCARE OF LEXINGTON,
INC.; LINDA HILL, OWNER; KATE
MCALLISTER, ASSISTANT EXECUTIVE
DIRECTOR/ CASE MANAGER; APRIL HATTER,
PRESIDENT OF THE BOARD; JOHN DICKEY;
ERIC HATTER, GENERAL MANAGER; JOHN
COBERG; DAWN WALKER; RONNIE J.
BATSIN, INDIVIDUALLY AND AS POLICE
CHIEF; OFFICER DERRICK P. WALLACE;
OFFICER MATHEW R. SMITH                                                          DEFENDANTS

## AMENDED COMPLAINT

Come the Plaintiffs, PECOLA CAMPBELL and STARSKY COOK, individually and as Administrators of the ESTATE OF ROLAND CAMPBELL, and pursuant to Fed. R. Civ. P. 15, provides the following Amendment to the original Complaint, so as to conform the Complaint to the evidence of record and the arguments made and defended against herein. Specifically, Plaintiffs repeat and reassert the allegations of the original Complaint as if fully set forth herein[1] and add the following amendment:

---

[1] See Memorandum Opinion and Order of the Court (Docket #54) dated 04/03/2012.

## COUNT XIV—
## EXCESSIVE USE OF FORCE

1.     On April 18, 2010, the Lexington-Fayette Urban County Government police department received a called to dispatch officers to respond to a mentally challenged subject at an adult daycare facility.  The mentally challenged subject was ROLAND CAMPBELL.

2.     Upon arrival, Defendant Officer Wallace noted a facility employee, Defendant Hill, appeared to have been involved in an altercation.  Defendant Hill failed to provide Officer Wallace with any background information about ROLAND CAMPBELL's disability or the extent and duration of the altercation between the Adult Daycare of Lexington's employees and ROLAND CAMPBELL; nor did Officer Wallace make any inquiries relative to same.  Instead, Wallace and Hill proceeded through the home, which was in obvious disarray, to ROLAND's room, where he, Officer Wallace, observed ROLAND naked, standing against the back wall, bleeding from his hands, and staring into space, but in an apparent state of calm.

3.     Defendant Wallace described ROLAND as slender built, placing ROLAND at approximately 5'8" tall and 135-140 lbs, as compared to Defendant Wallace's 210 lbs.

4.     Still being uninformed as to the extent of ROLAND's mental disability, Defendant Wallace attempted to engage ROLAND in a narrative.  He described ROLAND as non-responsive, sweating heavily, "staring into space," and not recognizing that [he/Wallace] was there.

5.     Officer Wallace radioed for backup and continued to monitor ROLAND and confirmed that at this point ROLAND was not a danger to himself or others.  Wallace continued to try to communicate with ROLAND; asking ROLAND what was bothering him and not receiving a response.  Wallace remained unaware of ROLAND's disability and that he was non-verbal.  Defendant Smith arrived as the responsive backup officer.  Still neither officer inquired

of Hill, nor was information provided to them of ROLAND's mental status, disability, or his ability to communicate and understand.

6. Then, without having information regarding ROLAND's negative response to tactile stimuli, the Defendant officers approached and cuffed him behind his back, and using soft-hand restraints, attempted to ambulate ROLAND across the room.

7. Defendant officers in conjunction with Defendant Hill attempted to cover ROLAND with a blanket at which point he became fidgety and agitated. They used hand restraints to keep him in a seated position, in response to which ROLAND rolled to his side, eventually ending in a prone restraint position, at which point a struggle ensued involving Defendant officers and Defendant Hill.

8. Defendant officers testified in their September 2012 depositions that ROLAND CAMPBELL exhibited classic behaviors of someone in a state of excited delirium which included making grunting/guttural sounds; bizarre, violent and/or aggressive behavior; violence toward objects; public disrobing; superhuman strength; overheated/excessive sweat; and, irrational physical behavior, otherwise known as *excited delirium*. Despite that ROLAND CAMPBELL exhibited additional tell-tale, textbook symptoms of excited delirium, including extreme agitation, disorientation, and being psychotic in appearance, Defendant officers and Defendant Hill continued to struggle with ROLAND until he expired.

9. Defendant police officers ignored the prohibition against struggling with ROLAND in a prone position which compromised his breathing until the point of death.

10. Defendant Officer Smith restrained ROLAND's feet. Defendant Officer Wallace was restraining ROLAND's upper body. Defendant Hill was bear-hugging and/or

otherwise positioned across ROLAND's back. Upon information and belief a blanket was further used to restrain ROLAND.

11. Defendant officer(s) specifically noted ROLAND's heavy breathing, but did nothing to reposition him to accommodate a clear airway.

12. Defendant police officers' failure to properly identify a clear case of excited delirium; their further failure to be fully informed regarding ROLAND's mental status and the extent and duration of ROLAND's excited delirium (which upon information and belief commenced approximately three (3) hours before officers arrived); and, their failure to follow protocol for handling such an individual when the known risk is Sudden Custody Death Syndrome (also known as positional asphyxiation), constituted the use of unreasonable and excessive force, which caused or contributed to ROLAND CAMPBELL's pain, suffering and ultimate death.

13. By reason of their acts and omissions, Defendants, acting under color of state law, in gross and wanton disregard of ROLAND CAMPBELL's rights, deprived ROLAND CAMPBELL of his liberty and his right to be free from excessive force, in violation of the Fourth and Fourteenth Amendment to the United States Constitution.

14. As a result of Defendants' actions, ROLAND CAMPBELL suffered extraordinary physical and mental injuries, pain and suffering, anguish, and terror. Said injuries are irreversible and permanent having resulted in ROLAND CAMPBELL's untimely death.

WHEREFORE, PECOLA CAMPBELL and STARSKY COOK, individually and as Administrators of the Estate of ROLAND CAMPBELL, demand judgment against the Defendants herein, jointly and severally, as follows:

1. For all damages proximately caused herein in an amount to be determined by the jury at trial, to include punitive damages and damages for personal injury and wrongful death as allowed by KRS 411.130 and KRS 411.133;

2. For Plaintiffs' attorneys' fees and costs incurred in the defense of the underlying felon criminal action against her and for her attorney fees and costs pursuant to 42 U.S.C. §1988;

3. For any pre-judgment interest from the date each item of damage was incurred until the date of judgment and post-judgment interest for all such damages subject to such interest;

4. For a trial by jury; and,

5. For any such other relief to which Plaintiffs may be entitled.

Respectfully Submitted,

/s/ Christina R. L. Norris
CHRISTINA R. L. NORRIS
6008 Brownsboro Park Boulevard
Suite G
Louisville, Kentucky  40207
Telephone:  (502) 899-4755
Facsimile:  (502) 899-4757
Email:  cnorris@christinanorrislaw.com

and

DAVID FERLEGER
Archways Professional Building
413 Johnson Street, Suite 203
Jenkintown, PA 19046
Telephone:  (215) 887-0123
Email: david@ferleger.com
*Co-Counsel for Pecola Campbell*
*and Starsky Cook, Individually*
*as Administrators for the Estate*
*of Roland Campbell*

## CERTIFICATE OF SERVICE

      I do hereby certify that a copy of the foregoing Amended Complaint was filed electronically with the Clerk of the Court on this the _____ day of September, 2012 by using the CM/ECF system, which will send a notice of electronic filing to the following:

Catherine M. Sewell
Peter J. Sewell
Sewell, O'Brien & Neal, PLLC
LG&E Center
220 West Main Street, Suite 300
Louisville, KY 40202
*Counsel for Capitol Specialty Insurance Corporation*
Email: csewell@sonlegal.com
        psewell@sonlegal.com

Adrian M. Mendiondo
Robert Coleman Stilz, III
Kinkead & Stilz, PLLC
301 E. Main Street, Suite 800
Lexington, KY 40507-1520
*Co-Counsel for Defendants, Adult Daycare of Lexington, Inc., Linda Hill, Kate McAllister, April Hatter, John Dickey, John Coberg, and Dawn Walker*
Email: amendiondo@ksattorneys.com
        cstilz@ksattorneys.com

Robert J. Rosing
Brian S. Brownfield
Rosing & Brownfield, PLLC
104 Ridgeway Avenue
P.O. Box 7277
Louisville, KY 40257
Telephone: (502) 749-8777
Facsimile: (502) 749-9477
*Co-Counsel for Adult Daycare of Lexington, Inc., Linda Hill, Kate McAllister, April Hatter, John Dickey, John Coberg, Dawn Walker and Eric Hatter*
Email: Robert@rosingandbrownfield.com
Email: brian@rosingandbrownfield.com

Pamela Adams Chesnut
Green & Chesnut, PLLC
201 East Main Street
Suite 1250
Lexington, KY 40507
*Co-Counsel for Defendants, Adult Daycare of Lexington, Inc., Linda Hill, Kate McAllister, April Hatter, John Dickey, John Coberg, and Dawn Walker*
Email: pchesnut@greenandchesnut.com

Carolyn C. Zerga
Lexington-Fayette Urban County Gov.
Department of Law
200 E. Main Street
Lexington, KY 40507
*Counsel for Defendants, Ronnie J. Bastin, Officer Derrick P. Wallace, and Officer Matthew R. Smith*
Email: czerga@lexingtonky.gov

                            /s/ Christina R. L. Norris
                            CHRISTINA R. L. NORRIS